**LUMANA'I SAUFO'I and TAUSISI'I SAUFO'I, Plaintiffs**

**v.**

**AMERICAN SAMOA GOVERNMENT, CONTINENTAL INSURANCE, FATA HOLT, and KILISI PAULI, Defendants**

High Court of American Samoa
Trial Division

CA No. 3-88

August 20, 1990

Before REES, Associate Justice, AFUOLA, Associate Judge, and TAIMANU, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala'ilima
For American Samoa Government, Arthur Ripley Jr., Assistant Attorney General
For Defendants Continental Insurance, Fata Holt, and Kilisi Pauli, Roy J.D. Hall Jr.

On Motion for Relief From Judgment:

Plaintiffs sought compensation from defendants for "emotional distress" in connection with the death of their child. We construed their pleading as a complaint for damages under A.S.C.A. §43.5001, the wrongful death statute. We found defendants partly liable for the wrongful death and awarded damages.

We noted, however, that plaintiffs had failed to request designation as the proper parties to bring the wrongful death action. An application for designation as the proper parties plaintiff has been the practice in wrongful death actions in the High Court. Such designation also appears to be required by A.S.C.A. § 43.5001(b), at least in the absence of a prior designation of a personal representative (administrator or executor) of the estate of the deceased. *See generally In re Estate of Ah Mai,* 14 A.S.R.2d 32 (1990). We also noted that by proceeding in their own names without asking for leave of court, plaintiffs might have prejudiced the rights of Ballerina's brothers and sisters, who might otherwise have been entitled to recover along with the plaintiffs. We directed plaintiffs to make the appropriate application, and delayed formal entry of judgment pending action on such application. *Saufo'i v. American Samoa Government,* 14 A.S.R.2d 15 (1990).

Plaintiffs then moved to amend their pleading to join their children (the decedent's brothers and sisters) as next of kin entitled to share in the benefits of the wrongful death recovery. The motion was

granted, and the court allocated the damages among the persons entitled thereto, as required by A.S.C.A. § 43.5001(c). We considered at some length the considerations that should enter into such an allocation, and allocated $18,037.50 for the parents and $3000 for each of four children. *Saufo'i v. American Samoa Government*, 14 A.S.R.2d 51 (1990). Judgment was then formally entered awarding these damages in favor of plaintiffs, including the four children, and against defendants.

The original plaintiffs (the parents) now move for an order setting aside that part of the judgment that ordered their children joined as plaintiffs. The motion is brought under Rule 60(b) of the Trial Court Rules of Civil Procedure, which allows relief from final judgments under certain extraordinary circumstances.

The specific ground on which plaintiffs seek relief is that our judgment is said to be "void." This, according to plaintiffs, is because our holding that "parties bringing an action under [the wrongful death] statute must ask leave of court to determine who the proper parties should be . . . and that minor siblings of the decedent must be joined" is said to conflict with an unreported decision of the Appellate Division, *Continental Insurance Co. v. Te'o*, AP No. 16-84 (1985).

Plaintiffs apparently fail to appreciate the difference between a "void" judgment and a "wrong" judgment. A final decision in a case in which the Court had jurisdiction over the subject matter and the parties, and in which the parties had a fair opportunity to address the issues, has the force of law and binds the parties even though it may be an erroneous decision. Such a decision is not rendered "void" because of a conflict with precedent, or even with a non-jurisdictional statute.

Plaintiffs come closer to making out a case for relief from the judgment based on "excusable neglect," another ground afforded by Rule 60(b). If they had known about the language on which they now rely in the *Te'o* opinion, they would no doubt have cited it to us before we rendered our judgment. Having noticed it recently, they wish us to take account of it as a ground for revising our judgment.

As the Appellate Division recently held in *Satele v. Uiagalelei*, 12 A.S.R.2d 103 (1989), the discovery after judgment of citations of legal authority that could have been discovered by due diligence before judgment does not constitute a ground for relief under Rule 60(b). The ground for relief urged in *Satele* was "newly discovered evidence," but the analysis applies with equal force to "excusable neglect."

One difference between the newly discovered authorities in *Satele* and the one involved in the present case is that the former were reported opinions of the High Court, whereas the latter is an unreported opinion. Between 1978 and 1986 many opinions of the High Court were unreported. Those chosen for reporting were those which established or altered a rule of law, criticized existing law, or, in the opinion of the Justices, "involve[d] a legal issue of continuing public interest." Preface, American Samoa Reporter, Volume One (per Gardner, C.J.).

In other words, although it would have taken more diligence to find the *Te'o* opinion than to find a reported opinion, this was because its author had designated it as an opinion that did not involve a legal issue of continuing public interest. *Te'o* would appear to have been so designated because it did not, contrary to plaintiffs' interpretation, purport to establish a legal principle to the effect that a party can sue for wrongful death without making application to the Court (Te'o did make. such application) or that siblings cannot recover for wrongful death if the deceased has a parent living.

Rather, *Te'o* simply declined to reverse a trial court judgment which had quite properly allowed the father of the deceased to "be the sole plaintiff, both for the surviving kin and as [the decedent's] legal representative." This essentially tracks the statutory language, which contemplates that the personal representative shall be the named plaintiff but that the action shall be brought "on behalf of" the "surviving spouse, parents, children or other next of kin . . . as the court may direct." A.S.C.A. § 43.5001(b); *see Estate of Ah Mai, supra* at 35.

The *Te'o* decision goes on to hold that the trial court's failure to "allocate the damages to the persons entitled" was not reversible error, because "there is only one plaintiff besides the estate." This holding would be difficult to square with the statutory language if it were shown that the decedent in *Te'o* had left other "next of kin," and that the appellate court knew about these people and was deliberately excluding them from any share in the recovery. This has not been shown, nor is it evident from our perusal of the voluminous record in *Te'o*.

It does appear that the decedent in that case left a mother as well as a father, and the trial court did subsequently allocate part of the wrongful death recovery to her. In so doing, we noted the "sole plaintiff" language in the appellate opinion and attributed it to the fact that the mother's interest had been buried in the pleadings and apparently not called to the attention of the Court. *See Te'o v. Continental*

*Insurance Co.*, 13 A.S.R.2d 42, 42-43 (1989). We can find nothing in the record to show whether the decedent in *Te'o* left any brothers or sisters, or that the Appellate Division thought it was ruling on the question of siblings' right to recover for wrongful death.

Finally, plaintiffs misstate our original holding. We never ruled that brothers and sisters must always be joined in wrongful death cases, but merely called the problem to the attention of the parties. Plaintiffs subsequently did move to join their children, and we observed that "this course seems the wisest of those now open." *Saufo'i v. American Samoa Government*, 14 A.S.R.2d at 53. They now move for relief from a judgment granting their own motion.

We have addressed the question of priorities among wrongful death claimants at length in *Estate of Ah Mai, supra*. For the reasons stated in that opinion and in the various cases from other jurisdictions cited therein, we believe that siblings are ordinarily entitled to recover for wrongful death even though a parent may be living, provided that they can show the requisite injury. The construction of the statutory language advanced by plaintiff in support of the present motion --- to the effect that the statute sets up a series of exclusive priorities and that "other next of kin" can therefore not recover when the deceased left a "surviving spouse, parents, or children" --- is semantically plausible but would lead to absurd and unjust consequences. If applied across the board, this construction would mean that a decedent's children could not recover if he had a parent living, since "parents" are listed before "children." The reasons for rejecting this construction have to do with its obvious absurdity and injustice, not with semantic implausibility. For similar reasons, we rejected the nearly identical argument advanced in *Estate of Ah Mai* for the exclusion of brothers and sisters, and we now reject it again.

In conclusion, plaintiffs have not proved any of the grounds for relief for judgment under Rule 60(b). We believe, in any event, that our original order was not in conflict with *Continental Insurance Co. v. Te'o* and was otherwise correct on the merits. The motion must therefore be denied.

It is so ordered.